UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------X
In re:

                               Chapter 7

MENACHEM MENDEL SCHNEORSON,

                               Case No. 1-22-40433-jmm

               Debtor.
-------------------------------------------------------------X
MENACHEM MENDEL SCHNEORSON,

               Plaintiff,

         v.                             Adv. Pro. No. 1-22-01031-jmm

BARRY S. FRANKLYN ESQ.,
BARRY S. FRANKLIN & ASSOCIATES P.A.,
and MARGALIT SCHNEORSON,

               Defendants.
-------------------------------------------------------------X
MENACHEM MENDEL SCHNEORSON,

               Plaintiff,

         v.                             Adv. Pro. No. 1-22-01049-jmm

MARGALIT SCHNEORSON,
BARRY S. FRANKLIN ESQ.,
and BARRY S. FRANKLIN & ASSOCIATES P.A.,

               Defendants.
-------------------------------------------------------------X

## MEMORANDUM DECISION ON DEFENDANTS' MOTIONS TO DISMISS ADVERSARY PROCEEDINGS

Appearances:

**Menachem Mendel Schneorson**
1553 Union St Apt# 2
Brooklyn, NY 11213
*Pro Se Debtor-Plaintiff*

Alan R Crane, Esq.
**Furr & Cohen, P.A.**
2255 Glades Road, Suite 419a
Boca Raton, FL 33431
*Attorney for the Defendants*

HONORABLE JIL MAZER-MARINO
UNITED STATES BANKRUPTCY JUDGE

## INTRODUCTION

Plaintiff Menachem Mendel Schneorson, appearing *pro se*, commenced two adversary proceedings against his spouse Margalit Schneorson and her matrimonial attorneys alleging Defendants violated the automatic stay by filing a motion to bifurcate claims in the Schneorsons' divorce action.  Plaintiff requests the Court to hold Defendants in civil contempt and award him actual and punitive damages and attorneys' fees under 11 U.S.C. § 362(k).  Defendants have moved to dismiss both complaints with prejudice for failure to state a claim, arguing that the motion to bifurcate did not violate the automatic stay.  Alternatively, Defendants request the two adversary proceedings be consolidated.  For the following reasons, Plaintiff's claims in both adversary proceedings are dismissed.

## JURISDICTION

This Court has subject matter jurisdiction over this adversary proceeding under 28 U.S.C. § 1334(b), 28 U.S.C. § 157(a), and the Standing Order of Reference entered by the United States District Court for the Eastern District of New York, dated August 28, 1986, as amended by Order dated December 5, 2012.  This adversary proceeding is a core proceeding under 28 U.S.C. § 157(b)(2)(A).

## BACKGROUND

### The Matrimonial Action And The Marital Residence

In 2017, Margalit Schneorson commenced an action captioned *In re: the Marriage of Margalit Schneorson, Petitioner/Counter-Respondent/Wife, and Menachem Schneorson, Respondent/Counter-Petitioner/Husband, and Barry A. Kaye, Third Party Defendant*, Case No. FMCE-17-011569 (the "Matrimonial Action") in the Circuit Court of the 17th Judicial Circuit in

and for Broward County, Florida (the "Family Court") seeking dissolution of her marriage to Plaintiff, domestic support, and equitable distribution of marital assets.  Mot. for Relief From Automatic Stay (the "Stay Relief Motion") Ex. C, ECF No. 10-3, Case No. 22-40494; *see also* Stay Relief Mot. ¶ 5, ECF No. 10. [1]  Margalit Schneorson asserted a third-party claim in the Matrimonial Action against Barry A. Kaye alleging that Plaintiff conveyed to Barry A. Kaye a "bogus" mortgage on the marital residence located at 1125 NE 6th Street, Hallandale Beach, Florida, which mortgage was removed by the Family Court.  Stay Relief Mot. ¶¶ 12, 15; *see also* Stay Relief Mot. Ex. A ¶ 8, ECF No. 10-1.

Prior to the Matrimonial Action, the Hallandale property deed identified Plaintiff as the sole owner.  Stay Relief Mot. Ex. A ¶¶ 4-5.  By order dated November 19, 2019, the Family Court determined that title to the Hallandale property should be held jointly and directed Plaintiff to execute and deliver a quitclaim deed conveying a one-half interest in the Hallandale property to Margalit Schneorson.  *Id.* ¶ 10.  The Family Court reserved jurisdiction on Margalit Schneorson's request that attorneys' fees and costs be taxed against Plaintiff for failing or refusing to correct the deed voluntarily.  *Id.* ¶ 9.

By order dated July 19, 2019, the Family Court, among other things, directed Plaintiff to deposit the net proceeds from the sale of real property located at 1257 Ocean Parkway, Brooklyn, New York, into the Broward Clerk's Office Court Registry or with the trust account maintained by Margalit Schneorson's attorneys.  Am. Obj., at 2, ECF No. 18, Adv. Pro. No. 22-1025; *see also* Am. Obj. Ex. A, at 34, ECF No. 18, Adv. Pro. No. 22-1025.  Barry A. Kaye reports that Margalit

---

[1] Plaintiff removed the Matrimonial Action to this Court on April 29, 2022. *See Schneorson v. Schneorson et al.*, Adv. Pro. No. 22-1030 (Bankr. E.D.N.Y.). Plaintiff has also filed a motion for withdrawal of the reference respecting that action.  Mot. to Withdraw Reference, ECF No. 7, Adv. Pro. No. 22-1030.  Margalit Schneorson has moved to remand the Matrimonial Action to the Family Court.  Mot. to Remand, ECF No. 6, Adv. Pro. No. 22-1030.

Schneorson used that order (and a February 5, 2020 Family Court order) to restrain bank accounts held by him, his business, and his family members that allegedly contain proceeds from the 1257 Ocean Parkway property sale.  *See* Kaye's Obj. to Mot. to Remand ¶ 4, ECF No. 18, Adv. Pro. No. 22-1030.

By order dated July 30, 2019 (the "Temporary Support Order"), the Family Court awarded Margalit Schneorson temporary alimony, exclusive use of the Hallandale property, and temporary partial payment of legal fees.  Stay Relief Mot. Ex. C, at 7.

On November 19, 2019, the Family Court entered an order directing Plaintiff to execute, in open court, a quitclaim deed conveying all Plaintiff's right, title, and interest in and to the Hallandale property to Margalit Schneorson based on that court's findings that Plaintiff had failed to comply with its prior orders.  Stay Relief Mot. Ex. D, at 8, ECF No. 10-4.  The deed conveying the Hallandale property to Margalit Schneorson was recorded on December 19, 2019.  Stay Relief Mot. Ex. E, ECF No. 10-5.

On January 6, 2020, the Family Court entered an order and judgment awarding Margalit Schneorson $111,199.60 in attorneys' fees and costs.  Stay Relief Mot. Ex. F, at 6-7, ECF No. 10-6.

On December 21, 2021, the Family Court entered an order that, among other things, found that Plaintiff violated its orders by failing to pay temporary alimony, attorneys' fees, or mortgage or insurance payments or real estate taxes for the Hallandale property.  Stay Relief Mot. Ex. G, ECF No. 10-7.  The December 21, 2021 order granted Margalit Schneorson's motion for early equitable distribution of the Hallandale property and authorized her to sell it.  *Id.* at 3.  The order required the net sale proceeds be held in Margalit Schneorson's matrimonial attorney's trust

account, albeit certain distributions could be made without further court order, subject to a final accounting.  *Id.* at 4.

***Plaintiff's Bankruptcy Cases***

Less than two weeks later, on December 29, 2021, Plaintiff filed a voluntary petition for relief under chapter 7 of the Bankruptcy Code *pro se*.[2]  *In re Schneorson*, Case No. 21-43159 (Bankr. E.D.N.Y.) (the "First Case").  The First Case was automatically dismissed pursuant to Bankruptcy Code section 521(i) on February 14, 2022, due to Plaintiff's failure to file required schedules and statements.  Notice of Automatic Dismissal, ECF No. 42, Case No. 21-43159.

On March 6, 2022 (the "Petition Date"), Barry A. Kaye, Aaron Berlin, and Mark Alnatan filed against Plaintiff an involuntary petition for relief under chapter 7 of the Bankruptcy Code.  *In re Schneorson*, Case No. 22-40433 (Bankr. E.D.N.Y.) (the "Bankruptcy Case").  Shortly thereafter, on March 14, 2022, Plaintiff filed a voluntary petition for relief under chapter 7 of the Bankruptcy Code *pro se*.  *In re Schneorson*, Case No. 22-40494 (Bankr. E.D.N.Y.).  By order dated April 13, 2022, the Court found that Plaintiff's voluntary petition constituted consent to the entry of an order for relief in the Bankruptcy Case and directed the two cases be consolidated.  Order Consolidating Cases, ECF No. 18, Case No. 22-40433.  On April 19, 2022, the Court entered an order for relief under chapter 7 of the Bankruptcy Code in the Bankruptcy Case.  Order for Relief, ECF No. 23, Case No. 22-40433.

On April 20, 2022, the United States Trustee appointed Richard J. McCord as chapter 7 trustee (the "Chapter 7 Trustee") for Plaintiff's bankruptcy estate.  Notice of Appointment of Trustee, ECF No. 24, Case No. 22-40433.

---

[2] All references to the Bankruptcy Code are to 11 U.S.C. § 101 *et seq.*

On June 30, 2022, Margalit Schneorson filed a proof of claim, identified on the Claims Register of the Bankruptcy Case as Claim Number 9-1, asserting a $750,271.43 priority claim for domestic support.  *See* Claims Reg., Case No. 22-40433.  The claim amount is based on the amounts awarded in the Temporary Support Order plus additional amounts for temporary alimony and attorneys' fees.  *Id.*

**The Stay Relief Motion**

Margalit Schneorson filed the Stay Relief Motion on March 18, 2022 and a supplement and amendment to the Stay Relief Motion on April 11, 2022.  *See* ECF Nos. 10, 35, Case No. 22-40494; *see also* ECF Nos. 7, 13, Case No. 22-40433.[3]

The Stay Relief Motion requests an order granting relief from the automatic stay (or a determination that the stay is inapplicable) to allow (i) the Family Court to enter and enforce all orders necessary or appropriate respecting the dissolution of the marriage, and (ii) Margalit Schneorson to sell the Hallandale property.  Stay Relief Mot. ¶ 2, ECF No. 10.

On April 5, 2022, Barry A. Kaye, one of the petitioning creditors and a third-party defendant in the Matrimonial Action, filed an objection to the Stay Relief Motion.  Kaye's Obj. to Stay Relief Mot., ECF No. 24, Case No. 22-40494.  Barry A. Kaye alleges that Margalit Schneorson's characterization of Plaintiff and Barry A. Kaye and statements respecting the Matrimonial Action are false and misleading.  *Id.* at 1-3.  Next, Barry A. Kaye raises procedural objections to the Stay Relief Motion, including that Margalit Schneorson's attorney filed the motion prior to entry of the order granting him admission *pro hac vice*, the Stay Relief Motion was filed without an affidavit and not properly served, and the Stay Relief Motion is defective as it

---

[3] The stay relief motions and supplements filed in the two bankruptcy cases are identical.  The responsive papers were filed only in Case No. 22-40494.  Due to the consolidation of the two cases, the Stay Relief Order, defined below, was entered only in Case No. 22-40433.

requests declaratory relief, which must be sought by adversary proceeding. *Id.* at 4-5, 7. Lastly, Barry A. Kaye objects to the sale of the Hallandale property on the basis that the Chapter 7 Trustee has not had time to investigate the sale and a premature sale may negatively impact creditors. *Id.* at 6.

On April 6, 2022, Plaintiff filed an objection to the Stay Relief Motion. Pl.'s Obj. to Stay Relief Mot., ECF No. 25, Case No. 22-40494. Like Barry A. Kaye, Plaintiff claims Margalit Schneorson and her attorney acted fraudulently in the Family Court and in this Court and raises numerous procedural defects. *See generally id.* Further, after an analysis of the factors enumerated in *In re Sonnax Indus.*, 907 F.2d 1280 (2d Cir. 1990), Plaintiff concludes that Margalit Schneorson has not satisfied her burden of proof that relief from the automatic stay is warranted. *Id.* at 5-6.

On April 7, 2022, the Chapter 7 Trustee filed a response to the Stay Relief Motion. Ch. 7 Tr.'s Resp. to Stay Relief Mot., ECF No. 26, Case No. 22-40494. The Chapter 7 Trustee requested the Court delay its consideration of the Stay Relief Motion until the Chapter 7 Trustee had an opportunity to analyze the issues raised by it. *Id.* ¶ 1.

On April 11, 2022 and April 12, 2022, Mark Alnatan, another petitioning creditor,[4] filed an objection and a supplemental objection to the Stay Relief Motion. *See* ECF Nos. 37-38, Case No. 22-40494. Mark Alnatan's arguments are substantially similar to Barry A. Kaye's and Plaintiff's. *See generally id.*

The Court held a hearing on the Stay Relief Motion on April 12, 2022. At the hearing, the Chapter 7 Trustee advised he no longer objected to the sale of the Hallandale property because his preliminary investigation indicated the property was being sold for an amount exceeding its fair market value. Accordingly, the sale was prudent and in the best interests of Plaintiff's estate and

---

[4] Mark Alnatan's last name was spelled as "Elnatan" on the involuntary petition filed against Plaintiff.

creditors; however, the Chapter 7 Trustee requested that all other relief requested in the Stay Relief Motion be held in abeyance.

At the hearing, Plaintiff, Barry A. Kaye, and Mark Alnatan continued to object to the sale of the Hallandale property. The three accused Margalit Schneorson and her attorney of fraud and objected to the sale on the grounds that the bankruptcy estate has claims against Margalit Schneorson, and creditors should be paid from the proceeds of those claims and not from the sale of the Hallandale property. The Court granted the Stay Relief Motion solely to the extent of permitting Margalit Schneorson to sell the Hallandale property because, among other things, the Chapter 7 Trustee, in his business judgment, determined that the sale was for a price in excess of the property's fair market; Margalit Schneorson held sole title to the Hallandale property; pre-Petition Date, the Family Court authorized Margalit Schneorson to sell the Hallandale property; and Plaintiff did not reside there. The Court rejected the creditors' arguments that the Chapter 7 Trustee should not administer the Hallandale property but pursue claims against Margalit Schneorson instead. A chapter 7 trustee should not abandon an existing asset because another asset potentially could be administered for the benefit of creditors.

On April 14, 2022, the Court entered an order (the "Stay Relief Order") authorizing the sale of the Hallandale property, provided the Chapter 7 Trustee, in his sole discretion, consents to the sale and the net sale proceeds are held by the Chapter 7 Trustee pending further order of the Court. Stay Relief Order, ECF No. 17, Case No. 22-40433. The Court reserved decision on the remaining issues. *Id.* Plaintiff appealed from the Stay Relief Order but did not request a stay pending appeal. Notice of Appeal, ECF No. 34, Case No. 22-40433. The Chapter 7 Trustee reported to the Court that the Hallandale property sale has closed.

### The Motion To Bifurcate

On April 29, 2022, Margalit Schneorson filed her *Motion to Bifurcate (For Entry of Final Judgment for Dissolution of Marriage) and for Other Relief* (the "Bifurcation Motion") with the Family Court.  Bifurcation Mot., ECF No. 15, Adv. Pro. No. 22-1031.  The Bifurcation Motion requests the Family Court to bifurcate the equitable distribution claim from the marriage dissolution and domestic support claims.  *Id.* ¶ 7.  Margalit Schneorson acknowledges the Family Court cannot equitably divide marital property that is property of Plaintiff's bankruptcy estate.  *Id.* Therefore, the Bifurcation Motion suggests the Family Court reserve decision on determinations of equitable distribution until this Court has dismissed the Bankruptcy Case or the property to be equitably distributed is no longer property of Plaintiff's bankruptcy estate.  *Id.*

### The 22-1031 Adversary Proceeding

Three days later, on May 2, 2022, Plaintiff filed a complaint commencing adversary proceeding 22-1031 against Margalit Schneorson and Barry S. Franklin, Esq. and Barry S. Franklin & Associates P.A., Margalit Schneorson's matrimonial attorneys.[5]  Compl., ECF No. 1, Adv. Pro. No. 22-1031.  In the complaint, Plaintiff asserts a claim for willful violation of the automatic stay and seeks a judgment (i) declaring that Defendants violated the automatic stay under 11 U.S.C. § 362(a)[6]; (ii) holding Defendants in civil contempt for the alleged stay violation; and (iii) awarding Plaintiff actual and punitive damages and reasonable attorneys' fees, pursuant to 11 U.S.C. § 362(k).  *Id.* ¶ 21.

Plaintiff contends that Defendants willfully violated the automatic stay by filing the Bifurcation Motion after entry of the order for relief and by "threatening [Plaintiff] to continue the

---

[5] The adversary proceeding complaint spells Barry S. Franklin's last name as "Frank*lyn*," which appears to be a typographical error.

[6] Plaintiff refers to the applicable statute as "*77* U.S.C. §362(a)," which appears to be a typographical error.

stayed proceedings" with "an intent to collect upon a stayed claim and terrorize and victimize Plaintiff, which in turn caused him damages." *Id.* ¶¶ 13, 16-19.

On May 27, 2022, Defendants filed a motion to dismiss adversary proceeding 22-1031 pursuant to Rule 12(b)(1) and 12(b)(6) of the Federal Rules of Civil Procedure (the "Motion to Dismiss 22-1031"). Mot. to Dismiss 22-1031, ECF No. 8, Adv. Pro. No. 22-1031.

Defendants contend the Bifurcation Motion did not violate the automatic stay because:

- The Bifurcation Motion was filed to allow the Family Court to enter a final judgment dissolving the parties' marriage and to determine and enforce domestic support obligations only as permitted by the Bankruptcy Court. *Id.* ¶ 5.

- The Bifurcation Motion does not seek to divide assets of the bankruptcy estate or determine attorneys' fees until entry of a further order of the Bankruptcy Court. *Id.*

- The automatic stay does not apply to an action for the dissolution of marriage except to the extent the proceeding seeks to determine the division of property that is property of the estate, which Margalit Schneorson is expressly not seeking. *Id.* ¶ 6 (citing 11 U.S.C. § 362(b)(2)(A)(iv)).

- The automatic stay does not apply to an action to establish domestic support obligations. *Id.* ¶ 7 (citing 11 U.S.C. § 362(b)(2)(A)(ii)).

- The automatic stay does not apply to the collection of domestic support obligations from property that is not property of the estate, and the Bifurcation Motion is not seeking to enforce the domestic support obligations without obtaining prior Bankruptcy Court authority. *Id.* ¶ 8 (citing 11 U.S.C. § 362(b)(2)(B)). Furthermore, Plaintiff's post-petition wages are not property of the estate. *Id.*

- The attorneys' fees Margalit Schneorson sought in the Matrimonial Action would be considered domestic support obligations, but she is not seeking an award of attorneys' fees until allowed by the Bankruptcy Court. *Id.* ¶ 9.

Accordingly, Defendants seek dismissal of the complaint with prejudice for failure to state a claim.

On July 6, 2022, Plaintiff filed an objection to the Motion to Dismiss 22-1031 and a cross-motion for sanctions (the "Objection 22-1031"). Obj. 22-1031, ECF No. 13, Adv. Pro. No. 22-1031. Plaintiff argues he is entitled to an order permanently enjoining Defendants from litigating

the Bifurcation Motion; a finding that Defendants willfully violated the automatic stay by filing the Bifurcation Motion in bad faith because the Bifurcation Motion is based on Family Court orders allegedly containing fraudulent misrepresentations; a finding that the Bankruptcy Code section 362(b)(2)(B) exception to the automatic stay is not applicable because Margalit Schneorson willfully ignored the Stay Relief Order, which reserved the issues unrelated to the Hallandale property sale for a future hearing; and an order imposing sanctions pursuant to Bankruptcy Code section 362(k). *Id.* at 22.

On July 12, 2022, Defendants filed a reply (the "Reply 22-1031"). Reply 22-1031, ECF No. 16, Adv. Pro. No. 22-1031. Defendants argue the Bifurcation Motion only requests the Family Court to dissolve the parties' marriage and to reserve determining all other issues until further order of the Bankruptcy Court. *Id.* ¶ 1. Furthermore, Defendants submit neither the Stay Relief Motion nor the Stay Relief Order created a stay as to the dissolution of marriage, which was not stayed in the first place. *Id.* ¶ 5. Thus, Defendants submit that the complaint should be dismissed with prejudice for failure to state a claim.

### *The 22-1049 Adversary Proceeding*

On June 28, 2022, Plaintiff commenced another adversary proceeding against the same Defendants seeking the same relief as requested in adversary proceeding 22-1031. Compl., ECF No. 1, Adv. Pro. No. 22-1049. The 22-1049 complaint, however, contains additional allegations. Although confusing, the Court believes that Plaintiff is alleging that Defendants committed fraud because the proposed Temporary Support Order submitted by Defendants to the Family Court included two findings of fact Defendants knew were false and misleading. *Id.* ¶ 19. The first finding was that Plaintiff's net worth was $1,713,000.00 instead of $1,713.00. *Id.* ¶¶ 19-20. The second finding was that Margalit Schneorson had no income. *Id.* ¶ 21. Plaintiff believes Margalit

Schneorson derives income from a multi-million-dollar company she allegedly owns.  *Id.*  Plaintiff again alleges that the Bifurcation Motion violates the automatic stay because it seeks to enforce a money judgment against Plaintiff.  *Id.* ¶ 22.  In that connection, Plaintiff claims Defendants are attempting to enforce a Family Court order that directs Plaintiff to pay attorneys' fees.  *Id.* ¶ 38.  Plaintiff contends that even if the attorneys' fees are domestic support obligations, Defendants' attempts to enforce that order violate the automatic stay.  *Id.*

Plaintiff also submits that on June 1, 2022, an attorney from Barry S. Franklin's firm appeared at a conference in the Family Court and on June 6, 2022, Barry S. Franklin submitted a proposed order which was then purportedly entered by the Family Court (the "Proposed Stay Order").  *Id.* ¶¶ 23-28.  It appears that a copy of the proposed order is attached to Plaintiff's amended objection to the motion to dismiss filed in adversary proceeding 22-1025 (a summary of that adversary proceeding is included below).  *See* Am. Obj. Ex. D, ECF No. 18, Adv. Pro. No. 22-1025.  In Plaintiff's view, the proposed order violated the automatic stay.  Compl. at ¶ 25, ECF No. 1, Adv. Pro. No. 22-1049.  The Proposed Stay Order provides, in relevant part, that pending further Bankruptcy Court orders, the Family Court Clerk is directed to stay the Matrimonial Action, including staying equitable distribution of property that may be property of the estate, proceedings concerning the restraint on Barry A. Kaye's and other's bank accounts, and alimony and support claims.  *See generally* Proposed Stay Order, Am. Obj. Ex. D, ECF No. 18, Adv. Pro. No. 22-1025.  The Matrimonial Action is not stayed, however, respecting the Bifurcation Motion or Margalit Schneorson's claim to dissolve the marriage.  *Id.*

On July 22, 2022, Defendants filed a motion to dismiss the 22-1049 adversary proceeding pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure or, in the alternative, to consolidate the two adversary proceedings (the "Motion to Dismiss 22-1049").  Mot. to Dismiss

22-1049, ECF No. 5, Adv. Pro. No. 22-1049.  Defendants' arguments in support of dismissal are substantially similar to those raised in the Motion to Dismiss 22-1031.  *See generally id.*  Alternatively, Defendants request consolidation of the two adversary proceedings pursuant to Rule 42(a) of the Federal Rules of Civil Procedure because "the parties are identical and the allegations are either identical or substantially similar."  *Id.* ¶ 12.

The Court held hearings on the Motion to Dismiss 22-1031 and the responsive papers on June 28, July 26, and August 30, 2022.  The Court held a hearing on the Motion to Dismiss 22-1049 on August 30, 2022.

***Other Adversary Proceedings Related To Plaintiff's Bankruptcy Case***

Plaintiff has commenced two other adversary proceedings in the Bankruptcy Court that are summarized as follows:

*Menachem Mendel Schneorson v. Barry S. Franklyn Esq., Barry S. Franklin & Associates P.A., Margalit Schneorson, Michael H. Cohen, Alan R. Carne Esq., Furr & Cohen, P.A.*, Adv. Pro. No. 22-1025 (Bankr. E.D.N.Y.), filed April 11, 2022.  The complaint alleges causes of action for fraud, bankruptcy fraud, concealment of assets, mail fraud, tax fraud, and abuse of process. Compl., at 1, ECF No. 1, Adv. Pro. No. 22-1025.  Plaintiff contends that the defendants conspired to file and prosecute the Matrimonial Action fraudulently and concealed certain marital assets with the purpose of defrauding Plaintiff's bankruptcy estate and creditors.  *Id.* at 2.  The defendants in that adversary proceeding have moved to dismiss the complaint.  Mot. to Dismiss, ECF No. 8, Adv. Pro. No. 22-1025.

*Margalit Schneorson v. Menachem Schneorson et al.*, Adv. Pro. No. 22-1030 (Bankr. E.D.N.Y.), filed April 29, 2022.  As noted above, this adversary proceeding is the Matrimonial Action that Plaintiff removed to this Court.

Additionally, Plaintiff filed a complaint with the United States District Court for the Eastern District of New York, captioned *Menachem Mendel Schneorson v. Barry S. Franklin & Associates P.A., Barry S. Franklin, Olivia Retenauer, Margalit Schneorson, Michal H. Cohen, Cohen & Schneorson Investment LLC, Furr and Cohen, P.A., Alan R. Crane Esq., John Doe #1 through #10 and Jane Doe 1 through #10*, CV-22-3319 (E.D.N.Y.), on June 6, 2022, asserting claims under the Racketeer Influenced and Corrupt Organizations Act, 18 U.S.C. §§ 1961-1968.

### DISCUSSION

***Defendants' Motion To Dismiss Under Rule 12(b)(1)***

Although the Motion to Dismiss 22-1031 references Rule 12(b)(1), *see* Mot. to Dismiss 22-1031 ¶ 11, no argument was made regarding the Court's lack of subject matter jurisdiction. The Court has subject matter jurisdiction over Plaintiff's alleged stay violation claims under 28 U.S.C. § 1334 because the claims arise in the Bankruptcy Case and under title 11 of the United States Code.

***Defendants' Motions To Dismiss Under Rule 12(b)(6)***

Rule 12(b)(6) of Federal Rules of Civil Procedure, made applicable to this adversary proceeding by Federal Rule of Bankruptcy Procedure 7012(b), provides for dismissal of a complaint for failure to state a claim upon which relief can be granted. "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* In the case of a *pro se* litigant, the Court reads the pleadings leniently and holds them "to less stringent standards than formal pleadings drafted by lawyers[.]" *Erickson v. Pardus*, 551 U.S. 89, 94 (2007); *see*

*Lopez v. Jet Blue Airways*, 662 F.3d 593, 596 (2d Cir. 2011) (noting that a *pro se* plaintiff "is entitled to a particularly liberal reading" of his complaint).  Nonetheless, a *pro se* plaintiff must plead enough facts to state a claim for relief that is plausible on its face and contain factual allegations sufficient to raise a "right to relief above the speculative level." *Johnson v. City of New York*, 669 F. Supp. 2d 444, 449 (S.D.N.Y. 2009) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)).

On a motion to dismiss a complaint under Fed. R. Civ. P. 12(b)(6), a court must accept all *factual* allegations in the complaint as true, even if the allegations are doubtful in fact.  *Bell Atl. Corp.*, 550 U.S. at 555 (emphasis added).  A court, however, need only accept as true those allegations that are truly factual allegations as opposed to allegations that are conclusory or subjective characterizations.  *Fernandez-Montes v. Allied Pilots Ass'n*, 987 F.2d 278, 284 (5th Cir. 1993) ("[C]onclusory allegations or legal conclusions masquerading as factual conclusions will not suffice to prevent a motion to dismiss."); *Ashcroft*, 556 U.S. at 678 ("[T]hreadbare recitals of elements of a cause of action, supported by mere conclusory statements" are not sufficient."); *Bell Atl. Corp.*, 550 U.S. at 555 ("[A] plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of a cause of action's elements will not do[.]"); *see also* 2 James Wm. Moore et al., *Moore's Federal Practice* § 12.34 (3d ed. 2021) ("Courts need not accept as true bald assertions, subjective characterizations, or legal conclusions.").  "Determining whether a complaint states a plausible claim for relief will ... be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Ashcroft*, 556 U.S. at 679.

In adjudicating a Rule 12(b)(6) motion, a court is entitled to consider:

(1) facts alleged in the complaint and documents attached to it or incorporated in it by reference, (2) documents 'integral' to the complaint and relied upon in it, even

> if not attached or incorporated by reference, (3) documents or information contained in defendant's motion papers if plaintiff has knowledge or possession of the material and relied on it in framing the complaint, (4) public disclosure documents required by law to be, and that have been, filed with the Securities and Exchange Commission, and (5) facts of which judicial notice may properly be taken under Rule 201 of the Federal Rules of Evidence.

*In re Merrill Lynch & Co. Research Reports Sec. Litig.*, 273 F. Supp. 2d 351, 356-57 (S.D.N.Y. 2003) (internal citations omitted), *aff'd in part and rev'd in part on other grounds sub nom. Lentell v. Merrill Lynch & Co.*, 396 F.3d 161 (2d Cir. 2005), *cert. denied*, 546 U.S. 935 (2005); *see also Roth v. Jennings*, 489 F.3d 499, 509 (2d Cir. 2007) (noting that "[d]ocuments that are attached to the complaint or incorporated in it by reference are deemed part of the pleading and may be considered" in deciding motions under Fed. R. Civ. P. 12); *Faulkner v. Beer*, 463 F.3d 130, 133–134 (2d Cir. 2006) (holding that materials outside complaint may be considered without converting motion to summary judgment if they are "integral" to the complaint and it is clear on record that no dispute exists regarding authenticity or accuracy of materials).

Accordingly, the Court may consider the copy of the Bifurcation Motion filed by Defendants. Plaintiff intended to attach the Bifurcation Motion as an exhibit to the complaints (*see* Compl., at 5, ECF No. 1, Adv. Pro. No. 22-1031; *see also* Compl., at 7, ECF No. 1, Adv. Pro. No. 22-1049) and referred to it several times throughout the complaints and the Objection 22-1031, and, apparently, Plaintiff does not dispute the accuracy of the copy filed at ECF No. 15, Adv. Pro. No. 22-1031. Similarly, the Court may take judicial notice of the Proposed Stay Order, which Plaintiff also intended to attach as an exhibit to the 22-1049 complaint, *see* Compl., at 7, ECF No. 1, Adv. Pro. No. 22-1049, and attached to Plaintiff's pleading filed in adversary proceeding 22-1025. *See* Am. Obj. Ex. D, ECF No. 18, Adv. Pro. No. 22-1025.

Generally, new allegations in a plaintiff's objection to a motion to dismiss cannot be considered by a court. *In re Colonial Ltd. P'ship Litig. v. Colonial Equities Corp.*, 854 F. Supp.

64, 79 (D. Conn. 1994) ("It is axiomatic that a complaint may not be amended by the briefs in opposition to a motion to dismiss"); *O'Brien v. Nat'l Prop. Analysts Partners*, 719 F. Supp. 222, 229 (S.D.N.Y. 1989) (same). However, where the plaintiff is *pro se*, "a court may consider new allegations raised by the plaintiff in opposition to a motion to dismiss ... [i]f statements made outside the operative complaint demonstrate that a *pro se* plaintiff could state a claim, if allowed to amend[.]" *Baker v. Bank of Am., N.A.*, 16 Civ. 488 (AKH), 2016 WL 9409022, at *1 (S.D.N.Y. Oct. 31, 2016), *aff'd*, 706 F. App'x 43 (2d Cir. 2017). In such case, the Court must grant leave to amend. *Id.* Accordingly, the Court will consider factual allegations in Plaintiff's Objection 22-1031 in determining whether Plaintiff states a claim against Defendants.

Defendants bear the burden of proof under Rule 12(b)(6). *Marcure v. Lynn*, 992 F.3d 625, 631 (7th Cir. 2021) (citations omitted) ("While the text does not discuss the burden of proof, every circuit court to address this issue … has interpreted Rule 12(b)(6) as requiring the movant to show entitlement to dismissal.").

### Plaintiff Has Failed To State A Claim Under Bankruptcy Code Section 362(k)

(i)    Elements Of A Claim Under Bankruptcy Code Section 362(k)

The filing of a bankruptcy petition operates as an automatic stay of litigation against the debtor or property of the estate. *See* 11 U.S.C. § 362(a). Generally, when the debtor "is a named party in a proceeding or action, the automatic stay applies to the continuation of that proceeding, and to the enforcement of, a judgment rendered in that proceeding." *Bayview Loan Servicing LLC v. Fogarty (In re Fogarty)*, 39 F.4th 62, 73 (2d Cir. 2022).

Under Bankruptcy Code section 362(k), "an individual injured by any willful violation of a stay provided by [Bankruptcy Code section 362] shall recover actual damages, including costs and attorneys' fees, and, in appropriate circumstances, may recover punitive damages." 11 U.S.C. § 362(k). Courts in this Circuit have held that Bankruptcy Code section 362(k) should be "liberally

construed to ensure that debtors receive the protection of the automatic stay." *In re Parry*, 328 B.R. 655, 658 (Bankr. E.D.N.Y. 2005) (citing *In re Robinson*, 228 B.R. 75, 81 n. 5 (Bankr. E.D.N.Y 1998)).

To recover damages under Bankruptcy Code section 362(k), the debtor must prove: "(1) that a bankruptcy petition was filed, (2) that the debtor is an individual, (3) that the creditor received notice of the petition, (4) that the creditor's actions were in willful violation of the stay, and (5) that the debtor suffered damages." *In re Leiba*, 529 B.R. 501, 506 (Bankr. E.D.N.Y. 2015) (citing *In re Wright*, 328 B.R. 660, 663 (Bankr. E.D.N.Y.2005)). A violation is "willful" when "any deliberate act [is] taken in violation of the [automatic] stay, which the violator knows to be in existence." *In re Leiba*, 529 B.R. at 507 (quoting *Crysen/Montenay Energy Co. v. Esselen Assocs., Inc. (In re Crysen/Montenay Energy Co.)*, 902 F.2d 1098, 1105 (2d Cir. 1990)). "[A] 'general intent in taking actions which have the effect of violating the automatic stay' is sufficient to warrant damages." *In re Sturman*, No. 10 CIV. 6725 (RJS), 2011 WL 4472412, at *2 (S.D.N.Y. Sept. 27, 2011) (quoting *In re Dominguez*, 312 B.R. 499, 508 (Bankr. S.D.N.Y. 2004)).

The complaints properly allege the first three elements of a claim under Bankruptcy Code section 362(k) – that a bankruptcy petition was filed, Plaintiff is an individual, and Defendants received notice of the petition.

The complaints, however, fail to allege a willful violation of the stay because, as set forth below, under Bankruptcy Code section 362(c)(3), the automatic stay was not in effect as to Plaintiff when the Bifurcation Motion was filed and the Proposed Stay Order was submitted to the Family Court. Even if the automatic stay had been in effect, there would be no stay violation because under Bankruptcy Code section 362(b)(2), the continuation of a proceeding "for the establishment

or modification of an order for domestic support obligations" and "for the dissolution of a marriage" is not stayed. *See In re Pence*, 581 B.R. 654, 658 (Bankr. D. Utah 2018).

       (ii)     The Automatic Stay Terminated As To Plaintiff Prior To The Bifurcation Motion Being Filed

Bankruptcy Code section 362(c)(3) provides:

> [I]f a single or joint case is filed by or against a debtor who is an individual in a case under chapter 7, 11, or 13, and if a single or joint case of the debtor was pending within the preceding 1-year period but was dismissed, other than a case refiled under a chapter other than chapter 7 after dismissal under section 707(b)—

> > (A) the stay under subsection (a) with respect to any action taken with respect to a debt or property securing such debt or with respect to any lease shall terminate with respect to the debtor on the 30th day after the filing of the later case[.]

11 U.S.C. § 362(c)(3)(A).

  "[T]ermination of the stay with respect to the debtor means that: suits against the debtor can commence or continue postpetition because section 362(a)(1) is no longer applicable; judgments may be enforced against the debtor, in spite of section 362(a)(2); collection actions may proceed against the debtor despite section 362(a)(6)." *In re Williams*, 346 B.R. 361, 367 (Bankr. E.D. Pa. 2006).

     Here, the Bankruptcy Case was filed against Plaintiff, an individual. The First Case was pending within the preceding one year and was dismissed. Accordingly, under Bankruptcy Code section 362(c)(3)(A), the automatic stay terminated with respect to Plaintiff on April 5, 2022, the 30th day after the petitioning creditors filed the involuntary petition. Margalit Schneorson's counsel did not file the Bifurcation Motion until April 29, 2022, twenty-four days after the automatic stay terminated as to Plaintiff. Similarly, the Proposed Stay Order was submitted to the Family Court almost two months after the stay terminated as to Plaintiff.

Although the automatic stay terminated as to Plaintiff, the automatic stay may not have terminated resecting Plaintiff's property or bankruptcy estate property. Therefore, the Court will determine whether Defendants violated the automatic stay by taking action against the Defendant's property or bankruptcy estate property.

There is a split of authority as to whether Bankruptcy Code section 362(c)(3)(A) terminates the automatic stay as to property of the bankruptcy estate. The majority of courts hold that Bankruptcy Code section 362(c)(3)(A) terminates the automatic stay only as to property of the debtor but does not operate to terminate the automatic stay as to property of the debtor's bankruptcy estate. *See In re Hale*, 535 B.R. 520, 523 (Bankr. E.D.N.Y. 2015) (collecting cases). The minority position is that Bankruptcy Code section 362(c)(3)(A) terminates the automatic stay respecting both property of the estate and property of the debtor. *Id.*

Assuming, without deciding, that Bankruptcy Code section 362(c)(3)(A) did not terminate the automatic stay as to property of the estate, the filing of the Bifurcation Motion did not violate the automatic stay because the Bifurcation Motion does not affect property of the bankruptcy estate. The Bifurcation Motion states that Margalit Schneorson is not seeking equitable distribution of the marital assets and the Family Court is not permitted to equitably distribute property of the estate. *See* Bifurcation Mot. ¶ 7, ECF No. 15, Adv. Pro. No. 22-1031. The Bifurcation Motion requests the Family Court to enter final judgment respecting dissolution of the marriage and determination of domestic support obligations. *Id.* None of those requests for relief are actions that affect property of the estate; albeit any act to enforce domestic support obligations against estate property would violate the automatic stay, to the extent, if any, the automatic stay remains in effect as to bankruptcy estate property.

Similarly, the submission of the Proposed Stay Order did not violate the automatic stay because the order states that the claims, other than the dissolution of marriage claim, are to be "established and enforced as permitted by the Bankruptcy Court".  Proposed Stay Order ¶ 2, Am. Obj. Ex. D, ECF No. 18, Adv. Pro. No. 22-1025.  Moreover, it directs the Family Court Clerk to stay all proceedings pending further changes in the automatic stay imposed as a result of the Bankruptcy Case.  *Id.* ¶ 1.

Accordingly, Plaintiff has failed to allege any violation of the automatic stay, much less a willful violation of the automatic stay.

> (iii)    Marriage Dissolution Proceedings And Actions To Collect Domestic Support Obligations Are Not Stayed By The Automatic Stay

Bankruptcy Code section 362(b)(2) excepts from the automatic stay the commencement or continuation of a civil action or proceeding "for the establishment or modification of an order for domestic support obligations" and "for the dissolution of a marriage, except to the extent that such proceeding seeks to determine the division of property that is property of the estate," as well as "the collection of a domestic support obligation from property that is not property of the estate." *See* 11 U.S.C. § 362(b)(2)(A)(ii) and (iv), 11 U.S.C. § 362(b)(2)(B).  Accordingly, even if the automatic stay had not been terminated under Bankruptcy Code section 362(c)(2)(A), Margalit Schneorson's continuation of the Matrimonial Action to obtain dissolution of her marriage to Plaintiff and to seek to establish or collect domestic support obligations would not violate the automatic stay.

> (iv)    Defendants Did Not Violate The Stay Relief Order

This Court's Stay Relief Order reserved decision on the Stay Relief Motion to the extent it requested relief from the stay to obtain a judgment of dissolution of marriage and to obtain and enforce any award of domestic support.  Plaintiff interprets that order to mean that Defendants

were prohibited from continuing the Matrimonial Action until the Court rendered a decision. Therefore, in Plaintiff's view, Defendant's filing of the Bifurcation Motion and submission of the Proposed Stay Order not only violated the automatic stay but also violated this Court's Order.

Plaintiff's interpretation of the Order is incorrect. This Court's Stay Relief Order did not explicitly or implicitly stay the Matrimonial Action or enjoin Defendants from continuing the action. Further, the Order did not affect or modify the impact of Bankruptcy Code sections 362(c)(3)(A) or (b)(2).

In summary, Plaintiff has failed to plead facts establishing that Defendants violated the automatic stay. Therefore, Plaintiff's claims for relief under Bankruptcy Code section 362(k) are dismissed.

### *Plaintiff Lacks Standing To Assert Claims Based On Defendants' Submission Of Allegedly False And Misleading Pre-Petition Date Proposed Orders To The Family Court*

In the adversary proceeding 22-1049, Plaintiff also alleges Defendants committed fraud by submitting the Temporary Support Order to the Family Court that included two findings of fact Defendants knew were false and misleading. Compl. ¶¶ 19-21, ECF No. 1, Adv. Pro. No. 22-1049. The proposed Temporary Support Order was submitted before the commencement of the Bankruptcy Case. Thus, the alleged fraud claim is an asset of Plaintiff's bankruptcy estate, and only the Chapter 7 Trustee has authority to bring it, unless the Court orders otherwise or the Chapter 7 Trustee abandons the claims. *See Unsecured Creditors Comm. of Debtor STN Enters., Inc. v. Noyes (In re STN Enters.)*, 779 F.2d 901 (2d Cir. 1985); *Commodore Int'l Ltd. v. Gould (In re Commodore Int'l Ltd.)*, 262 F.3d 96 (2d Cir. 2001); and *Glinka v. Murad (In re Housecraft Indus. USA, Inc.)*, 310 F.3d 64 (2d Cir. 2002).

***Plaintiff Has Failed To State A Claim For Civil Contempt***

To hold a party in civil contempt for a violation of the automatic stay, the party must have violated the stay willfully. 3 *Collier on Bankruptcy* ¶ 362.12 (16th ed. 2022). There must be "no fair ground of doubt" that the automatic stay applied to the party's action. *See Taggart v. Lorenzen*, 139 S. Ct. 1795, 1799 (2019). In contempt proceedings, "a party generally would not have sanctions imposed for its violation of an automatic stay as long as it had acted without maliciousness and had had a good faith argument and belief that its actions did not violate the stay." *In re Crysen/Montenay Energy Co.*, 902 F.2d at 1104.

As set forth above, Plaintiff has failed to plead facts from which one can infer that Defendants violated the automatic stay. Accordingly, Plaintiff's claim for civil contempt is dismissed.

***Plaintiff's Cross-Motion For Sanctions Is Denied***

The title of Plaintiff's Objection 22-1031 states the pleading is a cross-motion for sanctions against Defendants. The pleading, however, is devoid of allegations or argument respecting the sanctions. To the extent Plaintiff is seeking additional affirmative relief under Rule 11(c) of the Federal Rules of Civil Procedure, the claim is dismissed. The Court has granted Defendants' motions to dismiss. Accordingly, the Court cannot find the motions to dismiss are frivolous, presented for an improper purpose, or otherwise sanctionable.

Additionally, Plaintiff's cross-motion for sanctions should be denied because it is procedurally deficient. The motion for sanctions was not made separately from the Objection 22-1031, and Plaintiff failed to file proof that he served the motion at least 21 days prior to filing the request for sanctions, as required by Fed. R. Civ. P. 11(c)(1). *See Hadges v. Yonkers Racing Corp.*, 48 F.3d 1320, 1323, 1328 (2d Cir. 1995) (denying request for sanctions included in motion to

dismiss because it failed to comply with procedural requirement for separate motion); *Dagostino v. Computer Credit, Inc.*, 238 F. Supp. 3d 404, 419 (E.D.N.Y. 2017) (noting that "because neither party has formally moved for sanctions, the requests [were] not properly before the [c]ourt").

## CONCLUSION

Defendants' motions to dismiss are granted, and the complaints 22-1031 and 22-1049 are dismissed under Fed. R. Civ. P. 12(b)(6).  Defendants are directed to submit separate orders for each adversary proceeding consistent with this memorandum.

**Dated: September 29, 2022**
**Brooklyn, New York**

_____
**Jil Mazer-Marino**
**United States Bankruptcy Judge**